State v. Lewis.

STATE OF MISSOURI, Respondent, v. THOMAS LEWIS, Appellant.

St. Louis Court of Appeals, February 15, 1898.

1. **Criminal Law:** MISDEMEANOR: SEINING SLOUGH: STATUTORY CONSTRUCTION: EVIDENCE. On a prosecution on information for seining a slough in violation of the game and fish act of 1895, it was immaterial whether the slough was technically and according to legal definition a water of the state; it was sufficient to show that defendant seined the slough with a prohibited seine to bring the offense within the act.

2. **Witness:** TESTIMONY ON FORMER TRIAL: PRESUMPTION. The legal presumption is, in the absence of any showing to the contrary, that the testimony of a witness on a former trial was freely given.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*R. C. Haeussler* for appellant.

Criminal statutes should be strictly construed, and, unless an act alleged to have been committed by the defendant comes within both the spirit and the letter of the statute, he should be acquitted. Black on Inter. of Laws, secs. 113, 114; *St. Louis v. Goebel*, 32 Mo.

295; *State v. Schuchmann*, 133 *Id.* 111; *State v. Gritzner*, 134 *Id.* 512.

Statutes in *pari materia* are to be construed together; each legislative act is to be interpreted with reference to other acts relating to the same subject. Black on Inter. of Laws, sec. 86; *Kamerick v. Castleman*, 21 Mo. App. 587; *State v. King*, 44 Mo. 283; *Andrew Co. ex rel. v. Schell*, 135 *Id.* 26.

Depressions in the soil, such as sloughs, and channels cut by mere surface water, used for carrying off such water, are not water courses. *Abbott v. R. R.*, 83 Mo. 271; *Barkley v. Wilcox*, 86 N. Y. 140; 40 Am. Dec. 519; *R. R. v. Morrow*, 42 Kan. 339; *Hill v. R. R.*, 109 Ind. 511.

*Theodore C. Bruere* for respondent.

The admission of appellant, given before the justice in his own behalf, was proper evidence against him in the trial before the circuit court, and it will be presumed he testified freely until the contrary appears. *State v. Mullins*, 101 Mo. 514.

Elm Point slough is a part of the waters of this state. *State v. Blount*, 85 Mo. 543.

BLAND, P. J.—On information bottomed on section 1 of the game and fish act of 1895 (Acts 1895, pp. 182, 183) the defendant was first convicted before a justice of the peace of St. Charles county, and afterward on appeal by the St. Charles circuit court, of unlawfully seining Elm Point slough in that county for fish. From the conviction in the circuit court he has duly appealed to this court, and complains of many errors alleged to have occurred on the trial. The first of which is that his demurrer to the evidence was improperly overruled. The evidence is that he seined the slough with a prohibited seine; that the slough was

not a pond, pool or reservoir wholly on his premises. The offense is one clearly within section 1

SEINING slough: statutory construction: evidence.

of the act, *supra*. It matters not whether the slough was technically and according to accepted legal definition a water of the state or not; to seine it with a prohibited seine is prohibited by the act. This view of this statute answers all the assigned errors but one. That one is that the court permitted witnesses to give testimony of what the defendant testified to as a witness on his trial before the justice, without first showing that his testimony was freely given. The legal pre-

WITNESS: testimony on former trial: presumption.

sumption is that he testified on his own volition; to overturn this presumption the defendant should have shown that his testimony before the justice was obtained by compulsion or by some other improper influence that was brought to bear on him. *State v. Mullins*, 101 Mo. 514.

There is not the semblance of error to be detected in the trial as far as the bill of exceptions and record inform us of what took place, to which exceptions were preserved, and we affirm the judgment. All concur.